IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-62-BO

| | |
|---|---|
| HARRY W. CRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 30, 2014, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on October 16, 2009, alleging disability since July 13, 2009. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he met the insured status requirements through December 13, 2014. Plaintiff's mild coronary artery disease, migraines, degenerative disc disease of the lumbar spine, and osteoarthritis in various joints were considered severe impairments at step two but were not found to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a greatly reduced range of medium work. Plaintiff's impairments prevented him from returning to his past relevant work at step four, but the ALJ concluded that jobs existed in significant numbers in the national economy that plaintiff could

2

perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). In determining plaintiff's RFC, the ALJ considered the opinions of several of plaintiff's physicians. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. *Id.*

Here, both plaintiff's treating neurologist and his treating primary care physician noted that plaintiff suffered from intractable headaches on almost a daily basis. Tr. 380; Tr. 374. Both physicians ultimately opined that plaintiff would be unable to sustain work on a regular basis due to his chronic headaches. *Id.* The ALJ dismissed these opinions, however, because he found them to be inconsistent with plaintiff's testimony and because "almost all of [plaintiff's] tests were normal." Tr. 29. As plaintiff correctly notes, evidence of migraines and other headaches does not normally or necessarily appear on standard imaging tests. *See e.g. Duncan v. Astrue*, No. 4:06-CV-230-FL, 2008 WL 111158 *7 (E.D.N.C. Jan. 8, 2008) (noting that migraine headaches are a condition that cannot be diagnosed or confirmed through laboratory or diagnostic testing) (listing cases). Thus, the ALJ's decision to afford little weight to the opinions of plaintiff's treating physicians is not supported by substantial evidence.

The Acting Commissioner is correct to note that the record reveals periods of improvement both the frequence and severity of plaintiff's headaches. What is also apparent from the record is

3

that while plaintiff's headaches would improve for periods of time, they would also relapse to periods of increased frequency and severity. Thus, it is not inconsistent to find that plaintiff's self-reports of activities might be greater during some periods and greatly reduced during others. The question for this Court therefore is whether substantial evidence supports the ALJ's finding that plaintiff could perform work in the national economy on a regular and consistent basis. In light of the opinions of plaintiff's treating physicians, which are not contradict by the longitudinal record or the objective medical evidence in this case, the Court holds that the ALJ's finding is unsupported. A finding that the Commissioner has satisfied her burden at step five requires not only a finding that a claimant can perform a job, but also a finding that the claimant can "*hold* whatever job he finds for a significant period of time." *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986) (emphasis in original). The treating physician opinions in this case, which are entitled to great even if not controlling weight, and the record simply do not support such a conclusion.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012

4

(4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain [her] reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford*, 734 F.3d at 296 (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained his basis for rejecting what would otherwise be opinions entitled to controlling weight, though his rationale for doing so was flawed. In light of the longitudinal record and the nature of plaintiff's impairments the Court finds that no benefit would be gained from remanding this matter for further proceedings.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this **20** day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE